"Deaderick, J.,
delivered the opinion of the court.
This is an appeal from the Second Circuit Court of Shelby County.
Murphy contracted with Doyle & Wylie to build him a house in Memphis for $10,000, $6,000 of which were to be paid in cash, and $4,800 in a lot in Memphis, the title to which was to remain in Murphy until sold by Doyle & Wylie. Renkert furnished glass, paint, etc., to the amount of $595; and the question is, whether Murphy is liable for it, or the contractors, who were bound to furnish all the material except four marble mantles.
The plaintiff in error insists that the charge is erroneous in several particulars.
The court told the jury: — “If you believe from the evidence that the goods were not sold upon the credit of Murphy, but upon the credit of some other person, and that the defendant Murphy had in his possession, or under his control, effects of the real purchaser or purchasers from said Renkert, which effects Murphy had the power to apply to the payment of *399 said debt, then his promise to pay the debt would bind him, though not reduced to writing.
Whether the credit was given to Doyle & Wylie or to Murphy, and whether any unconditional promise to pay the debt to Renkert was made by Murphy, were controverted questions on the trial.
The error predicated of this part of the charge, .is, that in the state of facts supposed, the promise was to pay the debt of another, and was void under our statute of frauds, unless made in writing.
Where the promise arises out of some new consideration of benefit or harm moving between the newly contracting parties, the ease is not within the statute, the benefit on the one part or harm on the other constituting a sufficient consideration to support the promise. Mills v. Mills, 3 Head, 711.
But in the case of Campbell v. Findley, 3 Hum., 331, where Smith owed Findley, and Campbell bought Smith’s corn, and, as part of the consideration for the corn, agreed with Smith to pay Findley Smith’s debt, it .was held that the promise was within the statute of frauds, and not binding. In that case, Judge Turley said that if there had been no debt due from Smith to Findley at the time, no question upon the statute of frauds could have arisen; but there being a debt due, the promise of Campbell was collateral, and the case was held to be within the statute of frauds. We can see no difference in principle between the case cited and the one assumed in the charge of the court.
In the one case, the promiser owed the money which he promised to pay on the debt of another; *400 in the case supposed by the judge in his charge, the promiser had effects of the debtor in his hands when he promised to pay the debt of another.
In both eases the promise was to pay the preexisting debt of another, and was therefore not binding unless reduced to writing.
In the case of Hazen v. Bearden, 4 Sneed, 49, the goods were sold and delivered to Morgan at the request of Hazen, and the credit was given to Hazen, and he was held liable, although the account was kept against Morgan, because he requested that the goods should be sold and delivered, and promised to pay for them, and the credit was given to him.
There was no error in the refusal of the court to charge the third proposition of the defendant, that although the proof might satisfy the jury that “the goods were obtained by Doyle & Wylie, yet they might find for the plaintiff, Kenkert, if they believed from the evidence that they were so obtained upon the credit of Murphy, if Murphy, although he had given no authority to Doyle & Wylie to get the goods on his credit at the time they got them, afterward ratified their act and agreed to pay for them.
For the error indicated, however, the judgment must be reversed, and a new trial awarded.